IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LILLIE M. ARMSTRONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-08-1046-C |
| ) | |
| VANGUARD CAR RENTAL USA, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

Plaintiff filed this action seeking recompense for alleged discrimination related to her employment with Defendant. Plaintiff alleges she was subject to discrimination based on her race, gender and age. Plaintiff claims that the discrimination led to her constructive discharge. Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of Plaintiff's <u>Burk</u>[1]-based public policy claims. According to Defendant, these claims must fail as a matter of law and that to the extent they are premised on the Oklahoma Anti-Discrimination Act, 25 Okla. Stat. §§ 1101 et seq. ("OADA"), that Act is unconstitutional.[2] Defendant also attacks Plaintiff's 42 U.S.C. § 1981 gender-based claim, arguing it must fail as a matter of law.

---

[1] See <u>Burk v. K-Mart Corp.</u>, 1989 OK 22, 770 P.2d 24.

[2] Consistent with the provisions of Fed. R. Civ. P. 5.1 and 28 U.S.C. § 2403, the Court gave notice to the Oklahoma Attorney General of the constitutional challenge. The Attorney General timely filed a brief, arguing the Plaintiff does not have a valid <u>Burk</u> claim and urging no need to address the constitutional issue.

In her response, Plaintiff clarifies that her Burk claim is premised on the OADA, thereby bringing Defendant's constitutional challenge to the OADA squarely before the Court. However, before it is appropriate to address that issue, the Court must first determine if Plaintiff has pleaded a valid Burk-based claim for relief

Defendant argues that Plaintiff's Burk tort must be dismissed, as the remedies available under the statutory claims raised by Plaintiff are commensurate with those available for similar alleged acts of work-related discrimination. Defendant's motion must be considered in light of the recent decision of the Oklahoma Supreme Court in Kruchowski v. Weyerhaueser Co., 2008 OK 105, 202 P.3d 144. Kruchowski set the following standard to measure the viability of a Burk tort claim:

> [A] plaintiff may pursue a state law claim for wrongful discharge in violation of public policy when the available remedies to the same class of employment discrimination victims are not uniform and evenhanded–regardless of whether the remedies originate under Federal statutes or state law. However, it is only when the available remedy to the victim is not commensurate with that which is provided for similar harms to vindicate an employment discrimination on-the-job tort that the Burk common law remedy is available.
>
> Nevertheless, the Burk claim's actionable character is anchored solely in the employer's discharge in breach of Oklahoma's public policy. In order to assert such a claim, the plaintiff must make a showing that a breach of Oklahoma's public policy occurred for which (a) there is no available statutory-crafted remedy or (b) the available statutory remedy is not commensurate with that which is provided for similar work-related discrimination.

Kruchowski, 2008 OK 105, ¶¶ 36-37, 202 P.3d at 154.

In considering Defendant's argument, the Court finds that Defendant improperly focuses on the remedies available to a person claiming the same type of discrimination, rather

than the class of persons claiming remedies under the OADA.  It is clear that the protections available to someone in Plaintiff's position under the OADA are broader than those available under federal law and therefore her Burk claim must survive.  The Oklahoma Supreme Court's decision in Shirazi v. Childtime Learning Center, Inc., 2009 OK 13, 204 P.3d 75, provides additional support for this position.  In Shirazi, the Oklahoma Supreme Court held:

> that the Okla. Const. art. 5 § 46 requires that the same remedies must be applicable to everyone within the same class of employment discrimination. The same class of employment discrimination, as recognized by 25 O.S.2001 § 1302, includes race, color, religion, sex, national origin, age, and handicap. Regardless of whether the remedies originate under federal statutes or state law, pursuant to Saint v. Data Exchange, Inc., 2006 OK 59, 145 P.3d 1037, and Kruchowski v. Weyerhaeuser Co., 2008 OK 105, 202 P.3d 144, rather than looking to the *adequacy* of remedies, a plaintiff may pursue a state law Burk tort claim for wrongful discharge in violation of public policy when the *same* remedies are not available to the same class of employment discrimination victims.

Shirazi, 2009 OK 13, ¶ 12, 204 P.3d at 79.  Read closely, Shirazi completes the process begun in Saint.  Saint recognized a significant problem existed in the OADA because under that statute, persons in the same class were provided different remedies.  Specifically, the remedies available to persons claiming handicap discrimination were broader because the OADA provided a private cause of action.  By providing asymmetrical remedies, the OADA ran afoul of Art. 5 § 46 of the Oklahoma Constitution.  To address the problem, the Oklahoma Supreme Court permitted a person bringing a claim for discrimination other than handicap to pursue a Burk claim and thereby have available the same remedies as are available to the victim of handicap discrimination.  Shirazi summarized this history and clearly established that a Burk claim is available to victims of discrimination other than

handicap discrimination. Thus, Defendant's Motion to Dismiss Plaintiff's Burk claims must be denied.

As noted above, and as argued by Defendant, the Oklahoma Supreme Court has noted potential problems with the OADA under both the Oklahoma and United States Constitutions as the statute treats similarly situated person differently. On this basis, Defendant requests the Court find the OADA unconstitutional. Defendant's motion will be denied on this issue. As the Oklahoma Supreme Court has made clear:

> If there are two possible interpretations–one of which would hold the legislation unconstitutional, the construction must be applied which renders them constitutional. Unless a law is shown to be fraught with constitutional infirmities beyond a reasonable doubt, this Court is "bound to accept an interpretation that avoids constitutional doubt as to the validity of the provision."

Calvey v. Daxon, 2000 OK 17 ¶ 24, 997 P.2d 164, 172 (footnotes omitted). As noted above, the Oklahoma Supreme Court has established an interpretation of the OADA which removes any constitutional infirmity. Thus, the Court must follow that interpretation and find the OADA constitutional. Additionally, the Court notes that the same interpretation which protects the OADA from unconstitutionality under Oklahoma law saves it from running afoul of the United States Constitution.

Defendant also challenges Plaintiff's 42 U.S.C. § 1981 claim, arguing a gender-based § 1981 claim is not viable. Plaintiff argues that courts have noted a substantive overlap between § 1981 and Title VII and therefore her gender-based § 1981 claim is proper. However, none of the cases cited by Plaintiff offer any support for her argument. Indeed,

none of the cited cases even remotely mentions bringing a gender-based claim under § 1981. This is not surprising, as both the Supreme Court and the Tenth Circuit have recognized that § 1981 does not create a claim for sex/gender discrimination.  See Runyon v. McCrary, 427 U.S. 160, 167 (1976) (noting § 1981 does not address gender or religious categorization); Manzanares v. Safeway Stores, Inc., 593 F.2d 968, 971 (10th Cir. 1979) ("Section 1981 does not apply to sex or religious discrimination.").  Thus, to the extent it is based on § 1981, Plaintiff's gender-based discrimination claim must be dismissed.

For the reasons set forth herein, Defendant Vanguard Car Rental USA, Inc.,'s Partial Motion to Dismiss Plaintiff, Lillie Armstrong's Complaint (Dkt. No. 17) is GRANTED in part and DENIED in part.  To the extent Defendant's motion challenges Plaintiff's 42 U.S.C. § 1981 based gender discrimination claim, it is GRANTED.  In all other respects, the motion is DENIED.

IT IS SO ORDERED this 29th day of April, 2009.

ROBIN J. CAUTHRON
United States District Judge