IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LILLIE M. ARMSTRONG, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | No. CIV-08-1046-C |
| | ) | |
| VANGUARD CAR RENTAL, USA, INC., | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff was employed by Defendant as an exit booth agent from August 2005 until she resigned her employment on May 22, 2008. In that position, Plaintiff was responsible for assisting customers when they picked up a car from the company. She had the option to attempt to sell customers a fuel option and/or rent them a GPS system. In addition to her duties as an exit booth agent, Plaintiff also worked at other times as a return agent, where she facilitated the return process for a rental car. Plaintiff asserts that she was forced to resign her position because the working conditions had become so intolerable that no reasonable person could have been expected to continue. Plaintiff brought this action asserting race, gender, and age discrimination; hostile work environment; sexual harassment; retaliation; and intentional infliction of emotional distress. Defendant filed the present motion asserting that the undisputed material facts demonstrate that Plaintiff cannot establish any of her claims.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## **DISCUSSION**

Because Plaintiff has offered no direct evidence of discrimination, her claims must be analyzed under the familiar McDonnell Douglas[1] framework. Application of that analytical framework is a multi-step task. Although the elements are sometimes worded differently for an age discrimination case as opposed to a race or gender case, the premises are the same. First, Plaintiff must establish a prima facie case by showing that: "1) she is a member of the class protected by the statute; 2) she suffered an adverse employment action; 3) she was qualified for the position at issue; and 4) she was treated less favorably than others not in the protected class." Sanchez v. Denver Pub. Sch., 164 F.3d 527, 531 (10th Cir. 1998). Once Plaintiff has made this showing, the burden shifts to Defendant to offer a legitimate nondiscriminatory reason for its actions. Garrett v. Hewlett-Packard Co., 305 F.3d 1210, 1216 (10th Cir. 2002). If Defendant meets this burden, Plaintiff must then demonstrate either that her protected status was the real reason for Defendant's conduct or show that Defendant's action was a mere pretext. Id.

The Court finds Plaintiff has failed to establish a prima facie case for any of her claims. While it is undisputed that Plaintiff is within the protected class for each of the claims she brings, the undisputed evidence before the Court demonstrates that she did not suffer an adverse employment action. Indeed, Plaintiff fails to offer any specific instances or examples of discriminatory conduct by Defendant. Rather, she expresses her claims in

---

[1] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

terms of beliefs and personal opinions.  The Tenth Circuit has held that an employee's subjective belief of discrimination is not sufficient to preclude summary judgment.  See Aramburu v. Boeing Co., 112 F.3d 1398, 1408 n.7 (10th Cir. 1997).  While Plaintiff points to the change in how her requests for days off were treated as a concrete example of discriminatory conduct, she fails to offer any evidence that the change was based on an intent of Defendant to discriminate.  Rather, again, her only evidence is her subjective opinion and belief.  Plaintiff's explanation of the basis for her belief does not provide a basis for a reasonable juror to find that Defendant engaged in discriminatory conduct.

Plaintiff argues that one of her co-workers wrote derogatory comments on a post and the window of her booth.  However, there is no inherent discriminatory meaning under any reasonable interpretation of the words written and Plaintiff fails to identify how a reasonable person would perceive them as being discriminatory to any class protected by Title VII.  In an attempt to establish her claims, Plaintiff has provided an affidavit setting forth the adverse conduct she suffered.  Defendant attacks the affidavit as a sham, asserting it directly contradicts Plaintiff's deposition testimony on the same issues.  Resolution of this dispute is unnecessary.  Even were the Court to consider the assertions raised by Plaintiff in her affidavit, the outcome would not change.  In her affidavit, Plaintiff offers nothing more than conjecture and speculation in support of her allegations of discriminatory conduct.  The few times that Plaintiff does offer some suggestion of a specific instance of discriminatory conduct, her statement is nothing more than an unsupported conclusion. For example, in ¶ 11 of her affidavit, Plaintiff states, "[t]he racial animus at Vanguard was obvious and

persuasive." (Pl.'s Resp., Dkt. No. 50, Ex. 1.)  However, she fails to offer any specific example.  Later in the same paragraph she states, "I was also aware of a screening process that kept minority employees, particularly African-American, from even having a chance of their applications being reviewed by management." Id.  However, the explanation she offers for how she became aware is based upon "chatter" from other employees and her beliefs as to the process based on the existence of a window through which managers could see the applicants as they walked.  Plaintiff offers no concrete examples of a minority employee being treated improperly.  And indeed, Plaintiff's speculation about the hiring process is directly countered by the affidavit from Defendant of one of its managers indicating that management had no idea whether the person walking by the window was an employee, an applicant, or a customer, and that the applications were received in a stack, not individually.  Consequently, no reasonable jury could find that Plaintiff's conjecture would give rise to a claim for discriminatory conduct.

Plaintiff also tenders the affidavit of Mr. Swafford, a co-worker who purportedly has knowledge of discriminatory conduct by Defendant.  Defendant has filed a Motion to Strike Mr. Swafford's affidavit arguing it fails to meet the requirements of Fed. R. Civ. P. 56(e).  According to Defendant, Mr. Swafford's statements are not made on personal knowledge and therefore should be stricken.  The Court finds Defendant's position well supported.  The substantive statements in Mr. Swafford's affidavit are not based on personal knowledge or facts witnessed by Mr. Swafford.  Rather, they are mere conjecture, speculation, and opinion without reference to specific conduct.  Consequently, Mr. Swafford's affidavit fails to meet

the requirements of Rule 56(e) and it will not be considered. See Argo v. Blue Cross & Blue Shield of Kan., Inc., 452 F.3d 1193, 1200 (10th Cir. 2006).

Even were the Court to consider the statements in Mr. Swafford's affidavit, summary judgment would still be appropriate. As with Plaintiff's affidavit, Mr. Swafford fails to identify any specific instance of discrimination. Rather, Mr. Swafford merely expresses his opinion that Defendant engaged in discriminatory conduct. As noted above, a subjective belief of discrimination is not sufficient to preclude summary judgment. Aramburu, 112 F.3d at 1408 n.7.

Because Plaintiff's Title VII and ADEA claims fail, her Burk[2] claims must likewise fail for the same reasons. To the extent Plaintiff has argued she was constructively discharged, that claim must fail as there is no evidence from which a reasonable juror could find that if a constructive discharge occurred, it arose from improper conduct or because Plaintiff was a member of a protected class. Therefore, Defendant is entitled to judgment on that claim, as well.

Plaintiff has also alleged that Defendant's conduct gave rise to a claim for Intentional Infliction of Emotional Distress ("IIED"). To establish her IIED claim Plaintiff must plead and prove outrageous conduct and severe emotional distress. See Zeran v. Diamond Broad., Inc., 203 F.3d 714, 720 (10th Cir. 2000). In considering IIED claims, the Court acts as a

---

[2] See Burk v. K-Mart Corp., 1989 OK 22, 770 P.2d 24.

gatekeeper, making an initial determination about the validity of Plaintiff's claim before sending it to the jury.

> The court, in the first instance, must determine whether the defendant's conduct may reasonably be regarded so extreme and outrageous as to permit recovery, or whether it is necessarily so. Where, under the facts before the court, reasonable persons may differ, it is for the jury, subject to the control of the court, to determine whether the conduct in any given case has been significantly extreme and outrageous to result in liability. Likewise, it is for the court to determine, in the first instance, whether based upon the evidence presented, severe emotional distress can be found. It is for the jury to determine whether, on the evidence, severe emotional distress in fact existed.

Breeden v. League Servs. Corp., 1978 OK 27, ¶ 12, 575 P.2d 1374, 1377-78 (Okla. 1978) (footnote omitted). Here, the Court finds Plaintiff has failed to offer any evidence from which a reasonable juror could find that Defendant's actions were extreme or outrageous. Even if Plaintiff is able to prove that Defendant's conduct was distasteful, she cannot prove it was so extreme and outrageous as to be beyond all possible bounds of decency. See Eddy v. Brown, 1986 OK 3, ¶ 7, 715 P.2d 74, 77 (Okla. 1986):

> Conduct which, though unreasonable, is neither "beyond all possible bounds of decency" in the setting in which it occurred, nor is one that can be "regarded as utterly intolerable in a civilized community," falls short of having actionable quality. Hurt feelings do not make a cause of action under the tort-of-outrage rubric.

Plaintiff's IIED claim also fails the second element. What constitutes severe emotional distress is restricted. Indeed, in Zeran, the Tenth Circuit upheld the district court's finding of no IIED claim where the plaintiff had suffered anxiety attacks, received threatening and abusive telephone calls, sought medical care, and began taking a prescription

drug for his anxiety.  Zeran, 203 F.3d at 721.  Courts have repeatedly held that the suffering must be extreme or utterly intolerable in a civilized society.

> "[I]n order to prevent the tort of outrage from becoming a panacea for all of life's ills, recovery must be limited to distress that is severe."  In other words, the distress must be of such a character that "no reasonable person could be expected to endure it."  Such distress is often accompanied by "shock, illness, or other bodily harm," but bodily harm is not a prerequisite for demonstrating severe emotional distress.

Daemi v. Church's Fried Chicken, Inc., 931 F.2d 1379, 1389 (10th Cir. 1991) (internal citations omitted).  Here, although Plaintiff offers argument that she suffered from various physical maladies as a result of Defendant's conduct, she has failed to offer evidence from which a reasonable jury could find that her distress was severe.  Accordingly, Defendant is entitled to judgment on Plaintiff's claim for intentional infliction of emotional distress.

## CONCLUSION

As set forth more fully herein, the Court finds the undisputed material facts demonstrate that Defendant is entitled to judgment on Plaintiff's claims.  Accordingly, Defendant's Motion for Summary Judgment (Dkt. No. 43) is GRANTED.  Defendant's Motion to Strike Affidavit of Don P. Swafford (Dkt. No. 54) is GRANTED.  A separate judgment will issue.

IT IS SO ORDERED this 22nd day of July, 2009.

ROBIN J. CAUTHRON
United States District Judge

8